

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 4, 1977

The Honorable Bob Bullock
Comptroller of Public Accounts
Austin, Texas 78774

Opinion No. H-1035

Re: Transfer of salary
funds under Acts of the
64th Legislature, 1975,
ch. 3.

Dear Mr. Bullock:

You have requested our opinion concerning the validity
of certain transfers and expenditures made pursuant to House
Bill 421 of the 64th Legislature. Acts 1975, 64th Leg., ch.
3, at 5.

Section 1 of House Bill 421 appropriated $93 million
in part for the purpose of paying salaries and wages. Section
4 stated that "[n]one of the funds appropriated by Section 1 of
this Act shall be used to employ additional personnel."
Section 2 of the act provided:

> Transfer of the unexpended balances of
> line-item salaries previously appropriated
> in House Bill 139, Chapter 659, Acts of
> the 63rd Legislature, Regular Session, 1973,
> are hereby reappropriated for transfer to
> salaries of classified positions for the
> purpose of funding salary increases.

You have asked whether the funds transferred under section
2 may be used to employ additional personnel. You have also
asked whether section 2 provided for the transfer of unexpended
balances of all salary items or of only salary items for exempt
positions.

Section 4 of the act applied its limitations regarding
additional personnel only to section 1. The clear implication
is that the appropriation contained in section 2 was not

so restricted. Senate Bill 1 provided for the cost of living increases which were financed by House Bill 421. The fiscal note to the committee substitute for Senate Bill 1 stated that $90 million would be the cost of the increases; section 1 of House Bill 421 provided ample funds for these increases. Thus, the Legislature must have intended section 2 to finance salary increases other than those required by Senate Bill 1.

Furthermore, section 3 of House Bill 421 appropriates funds to the Comptroller to defray administrative costs. In our view section 3 was clearly intended to authorize the employment of additional personnel, and the lack of any restrictions upon section 2 indicates that funds appropriated therein may also be utilized to employ additional personnel. The phrase "for the purpose of funding salary increases" may be interpreted as authorizing increases in salary budgeting generally, or more restrictively, as authorizing only increases in salaries of individual employees. However, this ambiguity should be resolved in the light of the interpretation adopted by the Comptroller. V.T.C.S. art. 4344, § 3; Calvert v. Kadane, 427 S.W.2d 605 (Tex. 1968).

Your second question concerns the meaning of the term "line-item salaries" as contained in section 2; that is, whether the term includes salaries for classified positions. In our view this language is also ambiguous. Under one interpretation it might refer to salaries of line-item positions. See Attorney General Opinion M-1281 (1972). However, the Comptroller construed the term to mean line-items of salaries in general. The latter construction is supported by the Legislature's use elsewhere of the terms "line appropriations for Salaries of Classified Positions" and "line appropriations for the exempt positions" when only one of the two types of salary appropriations was intended to be affected. See Acts 1973, 63rd Leg., ch. 659, at 1950, 4th and 6th complete paragraphs. We have discovered no authorities which would indicate that the Comptroller's interpretation was erroneous, and thus, in our opinion, section 2 of House Bill 421 authorized the transfer of unexpended balances of salary items in general.

S U M M A R Y

Section 2 of House Bill 421 of the 64th Legislature authorized the transfer of unexpended balances of any items of appropriation for salaries previously appropriated in House Bill 139 of the 63rd Legislature. Such transferred funds could have been used for the employment of additional personnel.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst